```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

THE VARIABLE ANNUITY
LIFE INSURANCE COMPANY,

       Plaintiff,

v.                                    Case No. 8:12-cv-1980-T-33MAP

KYRIACOS A. ANTONIADIS,

       Defendant.
_____/

## ORDER

This matter comes before the Court pursuant to Plaintiff's Motion for a Temporary Restraining Order (Doc. # 3), Plaintiff's Motion for Preliminary Injunction (Doc. # 4), and Plaintiff's Motion for Expedited Discovery (Doc. # 5), each filed on August 31, 2012. For the reasons that follow, the Court grants the Motion for Temporary Restraining Order and refers the Motion for Preliminary Injunction and Motion for Expedited Discovery to the Magistrate Judge.

**I.   Basis for Temporary Restraining Order**

On the basis of Plaintiff's Complaint (Doc. # 1) and the various declarations attached in support of the Motion for Temporary Restraining Order (Doc. # 3-1 - 3-6), this Court finds that Plaintiff has met its initial burden for the issuance of a Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65 and Local Rule 4.05, M.D. Fla., as

follows:

1. The Court finds a reasonable likelihood that Plaintiff will succeed on the merits of its claims against Defendant, which include claims for (1) misappropriation of trade secrets and confidential and proprietary information; (2) breach of contract; (3) intentional interference with existing and prospective business relationships; (4) breach of the duty of loyalty; and (5) unjust enrichment.

2. The Court finds that Plaintiff has shown a meaningful risk of irreparable harm in the absence of a TRO, specifically the risk of Defendant disseminating, disclosing, or using Plaintiff's confidential and proprietary information and trade secrets to the detriment of Plaintiff. As stated in Int'l Hair & Beauty Sys., LLC v. Simply Organic, Case No. 8:11-cv-1883-T-30AEP, 2011 U.S. Dist. LEXIS 127336, at *27 (M.D. Fla. Sept. 26, 2011), "the loss of customers and good will is an irreparable injury and is difficult to measure" and "irreparable harm may be suffered if [Defendant] continues to solicit customers from Plaintiffs' customer list."

3. The public interest will be served by the issuance of a TRO. Specifically, a TRO will serve the public interest by preserving faith in the contractual agreements that businesses routinely make with their employees, by upholding the terms of

enforceable contracts, and by protecting trade secrets, such as customer lists, from unlawful use and disclosure.

4. This Order is being entered without prior notice to Defendant because the threatened injury is immediate and further delay could result in irreparable damage to Plaintiff.

Accordingly, this Court grants Plaintiff's Motion for Temporary Restraining Order. The Temporary Restraining Order is effective immediately and will remain in effect through and including September 14, 2012, at 5:00 p.m. Any motions for an enlargement of the TRO must demonstrate good cause and must be filed in accordance with the requirements of Federal Rule of Civil Procedure 65(b)(2).

## II. Security

Based on the unique facts of this case, the Court concludes that no security is required under Federal Rule of Civil Procedure 65, at this point in the proceedings, especially since the purpose of the Motion is to maintain the status quo. See Johnston v. Tampa Sports Authority, 8:05-cv-2191, 2006 U.S. Dist. LEXIS 77614 (M.D. Fla. Oct. 16, 2006)("[T]he bond requirement of Rule 65(c) is appropriately waived in certain circumstances."). Should Defendant make a showing that security is appropriate for the issuance of further injunctive relief, this Court will give further

consideration to the matter of security.

### III. **Restricted Business Activities**

During the pendency of the TRO, Defendant, together with his agents, employees, and/or representatives, and any and all persons acting under Defendant's direction or control are enjoined from, without further order of the Court or Plaintiff's written consent:

(A) directly or indirectly disseminating Plaintiff's confidential and proprietary information;

(B) directly or indirectly disclosing or using Plaintiff's trade secrets;

(C) directly or indirectly using Plaintiff's trade secrets or confidential and proprietary information to induce or attempt to induce any "Protected Customer" to end or alter their relationship with Plaintiff. "Protected Customer" is any person who is or was a customer of Plaintiff and who was assigned to Defendant during the one-year period immediately preceding termination of his employment with Plaintiff.

(D) directly or indirectly inducing or attempting to induce any Protected Customer to end or alter their relationship with Plaintiff or Plaintiff's Affiliated Companies.

(E) accepting business from any of Defendant's former

4

customers whose account information he retained after his employment with Plaintiff ended.

In addition, Defendant, together with his agents, employees, and/or representatives, and all persons acting under his direction or control, is required to return any and all tangible and electronic documents and information in his possession which is the property of Plaintiff and/or which refers or relates to Plaintiff's customers, and all other documents or things that belong to Plaintiff or were created using Plaintiff's non-public documents or information.

## IV. Service

Plaintiffs shall immediately provide by email, facsimile and regular mail a copy of this TRO to counsel for Defendant, if counsel is known, or, if counsel is not known, directly to Defendant.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Motion for a Temporary Restraining Order (Doc. # 3) is **GRANTED** consistent with the terms outlined above. The Temporary Restraining Order is effective immediately and will remain in effect through and including September 14, 2012, at 5:00 p.m., unless the TRO is extended in accordance with Federal Rule of Civil

Procedure 65(b)(2).

(2) Plaintiff shall immediately provide a copy of this Temporary Restraining Order to Defendant as outlined above.

(3) The Court hereby refers the Motion for Preliminary Injunction to the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) for the issuance of a Report and Recommendation.

(4) The Court hereby refers the Motion for Expedited Discovery to the assigned Magistrate Judge for disposition.

**DONE** and **ORDERED** in Tampa, Florida, this <u>31st</u> day of August, 2012, at 2:55 p.m.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel and Parties of Record