UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE VARIABLE ANNUITY LIFE
INSURANCE COMPANY,

    Plaintiff,

v.                              Case No. 8:12-cv-1980-T-33MAP

KYRIACOS A. ANTONIADIS,

    Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to the parties' Stipulated Preliminary Injunction (Doc. # 18), which was filed on September 14, 2012. Based on the agreement of the parties and being fully advised in the premises of the stipulation, the Court adopts the Stipulated Preliminary Injunction. In accordance with this Order, Plaintiff's Motion for Preliminary Injunction (Doc. # 4) is denied as moot.

Upon consideration of the Stipulated Preliminary Injunction, the Court hereby ORDERS:

(1) Defendant, together with his agents, employees, and/or representatives, and any and all persons acting under his discretion or control are enjoined from, without further order of the Court or Plaintiff's written consent:

    (A) directly or indirectly disseminating VALIC's confidential and proprietary information;

  (B) directly or indirectly disclosing or using VALIC's trade secrets;

  (C) directly or indirectly using VALIC's trade secrets or confidential and proprietary information to induce or attempt to induce any "Protected Customer" to end or alter their relationship with VALIC. "Protected Customer" is any person who is or was a customer of VALIC, and who was within Defendant's territory and assigned to Defendant during the one-year period immediately preceding termination of his employment with VALIC;

  (D) directly or indirectly inducing or attempting to induce any Protected Customer to end or alter his or her relationship with VALIC or Affiliated Companies.

(2) Defendant, together with his agents, employees, and/or representatives, and all persons acting under his direction or control, is required to return any and all tangible and electronic documents and information in his possession which is the property of the Plaintiff and/or which refers or relates to Plaintiff's customers, and all other documents or things that belong to Plaintiff or were created using Plaintiff's non-public documents or information.

(3) Until the earlier of a written agreement between the parties, further order of this Court, or the expiration of the purported non-solicit term of the Registered Representative Agreement on July 12, 2013, Defendant shall place into an escrow account 50% of all compensation he has personally received since his termination from the Plaintiff and that he personally receives during the pendency of this litigation based on the transfer of funds from a Protected Customer's VALIC accounts into other insurance company or investment provider accounts while Defendant is registered with LPL Financial or any other broker dealer. Plaintiff is not required to escrow any amounts paid by an insurance company or investment provider that are not paid to Plaintiff. Plaintiff shall deposit all funds meeting the above conditions into escrow prior to making any withholdings for taxes, deferred compensation, savings plans, or any other similar purpose. The escrow account shall be maintained by Defendant's counsel in accordance with applicable rules of professional responsibility.

The Court acknowledges that the parties have additionally agreed in the Stipulation to comply with certain discovery obligations. However, the Court notes that Plaintiff asserted

during a telephonic conference before United States Magistrate Judge Mark Pizzo that expedited discovery would not be needed in this matter; Plaintiff's Motion for Expedited Discovery was thus denied as moot (Doc. # 16).  Pursuant to Local Rule 3.05(c), the parties may not seek discovery before conducting a case management conference.  Accordingly, the parties are directed to first comply with the provisions of Local Rule 3.05(c) by conducting a case management conference for the purpose of preparing and filing their Case Management Report, after which the parties may seek discovery in accordance with the Local Rules and the Federal Rules of Civil Procedure.  The Court thus declines to adopt the modified discovery deadlines included in the Stipulation.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Court adopts the parties' Stipulated Preliminary Injunction (Doc. # 18).

(2) Plaintiff's Motion for Preliminary Injunction (Doc. # 4) is denied as moot.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this **4th** day of October, 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

4

Copies to:   All Counsel of Record